**Dated: September 16, 2014**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 07-81384– TRC |
| BENJAMIN HARRISON TRENT, JR. | CHAPTER 13 |
| DEBORAH ANNE TRENT, | |
|         Debtors. | |
| | |
| DEBORAH ANNE TRENT, | |
|         Plaintiff | |
| | |
| v. | Adversary Case No. 14-8006-TRC |
| | |
| BENEFICIAL FINANCIAL I, INC. and | |
| CALIBER HOME LOANS, INC., | |
|         Defendants. | |

ORDER DENYING CALIBER HOME LOANS, INC.'S MOTION TO DISMISS

Before the Court is Caliber Home Loans, Inc.'s Motion to Dismiss Adversary Proceeding with Prejudice (Docket Entry 14), Plaintiff's Objection (Docket Entry 18), and Caliber's Reply (Docket Entry 22). The Court held a hearing on this matter on August 27, 2014. Both parties were represented by counsel. After considering the arguments and pleadings, for the reasons stated herein, Defendant Caliber Home Loans, Inc.'s Motion to Dismiss is denied.

Plaintiff filed her chapter 13 bankruptcy on December 11, 2007. Plaintiff completed the chapter 13 plan and received her discharge on May 20, 2013. At the filing of her case, Defendant Beneficial was the holder of the mortgage and promissory note on her home. In accordance with Fed. R. Bankr. P. 3002.1, the Court entered an Agreed Order on May 24, 2013 determining that Plaintiff had cured the default, paid all post-petition amounts due Beneficial, was current on her mortgage payments, and determined the amount of her monthly mortgage payment going forward. Her case was closed on July 26, 2013.

She reopened her case on February 27, 2014, to pursue an adversary proceeding against Beneficial for violation of the discharge injunction and contempt of court. She filed this adversary proceeding on March 11, 2014, against Beneficial only. Prior to an answer being filed, she filed an amended complaint to add Caliber Home Loans, Inc. on May 23, 2014. According to the Amended Complaint, she was notified by Beneficial that the servicing of her note was being transferred to Caliber Home Loans, Inc. effective January 31, 2014, but there was no statement that the note itself had been assigned to Caliber. She also alleges that Caliber's statements continue to show her account as three months past due as of March 18, 2014.

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In deciding a motion to dismiss, the court's job is not to weigh potential evidence but to determine whether plaintiff's complaint alone is legally sufficient, and states a claim that is plausible on its face. *Williams v. Taylor*, 561 Fed. Appx. 695 (10th Cir. 2014) (citations omitted). The court must presume all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff. *Id.*

Section 524(a) provides that a Chapter 7 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §524(a)(2). A creditor who knowingly violates the discharge injunction may be held to answer for civil contempt. *See* 11 U.S.C. § 105(a). The allegations in the Amended Complaint state that Defendant Beneficial continued to treat Plaintiff's loan as delinquent despite the Agreed Order and communications from Plaintiff stating otherwise. The Amended Complaint also states that Caliber continues to treat Plaintiff's loan as delinquent, demands payment for past due amounts, and has failed to properly account for and apply mortgage loan payments. Caliber argues that it cannot be held responsible for Beneficial's conduct but does admit to receiving information from Beneficial regarding Plaintiff's account.

The Court finds that the allegations in the Amended Complaint are sufficient to state a claim for relief against Caliber. Plaintiff alleges that Caliber has continued to collect a debt and show a delinquency contrary to the Chapter 13 Plan, Agreed Order, and Discharge of Debtor, and that it continues to do so post-discharge. The allegations clearly set forth the facts supporting her claims against the Defendants, and are not mere threadbare recitals. She sets forth sufficient detail regarding the calculation of her debt on her mortgage loan, and identifies specific conduct the Defendants have undertaken after the discharge to attempt to collect on amounts which have previously been paid through the Plan and pursuant to the Agreed Order. When these allegations are taken as true, the Court finds that it is plausible and not merely possible that Plaintiff will be entitled to relief under the cited laws. *See Christy Sports, LLC v.*

*Deer Valley Resort Co. LTD.,* 555 F.3d 1188 (10th Cir. 2009). Thus, Caliber's Motion should be denied.

IT IS THEREFORE ORDERED that Defendant Caliber Home Loans, Inc.'s Motion to Dismiss Adversary Proceeding with Prejudice is **denied**.

###