**Dated: December 19, 2014**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 07-81384-TRC |
| BENJAMIN HARRISON JR TRENT, DECEASED | CHAPTER 7 |
| DEBORAH ANNE TRENT, | |
|         Debtors. | |
| | |
| DEBORAH ANNE TRENT, | |
|         Plaintiff | |
| | |
| v. | CASE NO. 14-8006-TRC |
| | |
| BENEFICIAL FINANCIAL I, INC., | |
| CALIBER HOME LOANS, INC. | |
|         Defendants. | |

ORDER GRANTING MOTION TO RECONSIDER AND
VACATING CLERK'S ENTRY OF DEFAULT

     Before the Court is Defendant Beneficial Financial I, Inc.'s Motion to Reconsider a previous order of this Court. A Clerk's Entry of Default was entered against Beneficial Financial I, Inc. ("Beneficial") on August 7, 2014. On August 28, 2014, Beneficial filed a Motion to Vacate the Clerk's Entry of Default, and later amended that motion. The Court held a hearing on the Amended Motion but Beneficial failed to appear. The Court denied the Amended Motion for non-appearance of counsel. Beneficial then filed a motion to reconsider the denial of its request to vacate the Clerk's Entry of Default.

For reasons set forth below, this Court grants the Motion to Reconsider and hereby vacates the Clerk's Entry of Default.

Beneficial argues that good cause exists to vacate this Court's Order and set aside the Clerk's Default, and that Plaintiff will not be prejudiced by granting its requests. It states that its failure to appear to prosecute its Motion to Reconsider was due to "a docketing mistake at its counsel's office."[1] It urges the Court not to prejudice it because of errors and neglect of its counsel. It then urges the Court to consider its Motion to Vacate Clerk's Entry of Default on the merits. Beneficial's Motion to Vacate included an affidavit of its Manager of Operations that stated it had no record that it had received service of the Complaint or Amended Complaint. It argued — erroneously — that proper service requires delivery by certified mail. In fact, Bankruptcy Rule 7004(b) allows service by first class mail postage prepaid. Beneficial also stated that two of the addresses used by Plaintiff to serve Beneficial could have resulted in actual notice, and that the other addresses were payment processing centers. It identified proper addresses for service readily available from various secretary of state websites. Beneficial does acknowledge a "courtesy notification" from an attorney that a default had been entered. It assures this Court that it will be fully engaged in the litigation process and that it has already participated in preparing the Scheduling Conference Report.

Plaintiff argues that it undertook more than sufficient efforts at serving Beneficial, mailing to six different addresses, including to the local attorney who had represented Beneficial in the underlying bankruptcy case in 2013, and including the address listed on its Proof of Claim for service of notices.[2] Plaintiff's counsel also emailed a copy of the Complaint and summons and personally contacted the attorney whose law firm had represented Beneficial in the bankruptcy case. Plaintiff argues that Beneficial fails to offer good cause to vacate the default.

---

[1] Motion of Defendant Beneficial Financial I, Inc. to Reconsider Defendant's Amended Motion to Vacate Entry of Default (Adv. Dkt. 33) with Brief in Support at 1 (Docket Entry 60).

[2] Plaintiff's Objection to Defendant Beneficial Financial I, Inc.'s Motion to Vacate Entry of Default (Docket Entry 50).

The Court does not favor punishing parties for their attorney's mistakes, therefore it grants Beneficial's Motion to Reconsider its Amended Motion to Vacate Entry of Default. This Court favors deciding cases on the merits. *See Denver & Rio Grande W.R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847 (10th Cir. 1997). Although the Court is sympathetic to Plaintiff's frustration and her efforts to notify Beneficial, the Court finds that any prejudice to Plaintiff is minimal. Discovery is just beginning in this case. The Court desires that all necessary parties participate in this case so that a decision on the merits can be made. Beneficial's counsel has promised this Court that it will fully participate in defending this case. And, Beneficial is seeking to set aside a clerk's entry of default, not a default judgment entered by this Court. *See Wachovia Bank, N.A. v. Bank of Okla.*, *N.A.,* 2006 U.S. Dist. LEXIS 32712. Plaintiff's request for attorney fees to defend Beneficial's motions may be urged at the conclusion of this adversary proceeding.

IT IS THEREFORE ORDERED that the Motion of Defendant Beneficial Financial I, Inc. to Reconsider Defendant's Amended Motion to Vacate Entry of Default (Docket Entry 60) is **granted.**

IT IS FURTHER ORDERED that Defendant Beneficial Financial I, Inc.'s Amended Motion to Vacate Entry of Default (Docket Entry 33) is **granted**. The Clerk of Court is directed to vacate the Entry of Default against Beneficial.

IT IS FURTHER ORDERED that Defendant Beneficial Financial I, Inc. shall file its Answer on or before January 5, 2015.

###