**Dated: April 1, 2015**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 07-81384-TRC |
| BENJAMIN HARRISON JR TRENT, DECEASED | CHAPTER 13 |
| DEBORAH ANNE TRENT, | |
|     Debtors. | |
| | |
| DEBORAH ANNE TRENT, | |
|     Plaintiff | |
| | |
| v. | CASE NO. 14-8006-TRC |
| | |
| BENEFICIAL FINANCIAL I, INC., | |
| CALIBER HOME LOANS, INC. | |
|     Defendants. | |

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Before the Court is Defendant Beneficial Financial I, Inc.'s Motion for Summary Judgment and Brief in Support (Docket Entry 85), and Plaintiff's Objection with request for

Summary Judgment (Docket Entry 86).[1] After reviewing the motions, response, exhibits and applicable legal authority, the Court finds that neither party is entitled to summary judgment and this matter should proceed to trial.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Plaintiff alleges violations of the discharge injunction and appeals to this Court's equitable powers under § 105(a) to enforce and remedy those violations. She alleges she suffered material injuries caused by the Defendants' actions, which entitle her to summary judgment. The Court believes the existence and significance of these injuries to be factual issues not properly resolved on motion, and declines to award her summary judgment on her claims.

Defendant Beneficial's Motion for Summary Judgment first seeks dismissal of Plaintiff's cause of action pursuant to 11 U.S.C. § 524, asserting that there is no private cause of action under this section. Plaintiff, however, has pleaded that this Court's equitable powers under 11 U.S.C. § 105 allow it to issue a contempt order and enter sanctions for violation of the discharge injunction under § 524. The Court finds that dismissal of her first count regarding § 524 is not necessary as it is essentially a reference to the specific statutory provision regarding the discharge injunction, which is set forth in the discharge order. This Court has authority to grant relief for violations of § 524. Thus, Plaintiff may proceed on her cause of action regarding violation of § 524.

---

[1] Plaintiff filed one objection responding to separate motions for summary judgment filed by the Defendants, and requesting summary judgment against both.

Defendant Beneficial questions Plaintiff's standing to bring this suit, citing *In re Paul* for the proposition that the discharge injunction of § 524(a)(2) only operates to prohibit collection of a debt that is a personal liability of the debtor.[2] The gist of Beneficial's motion is that since Plaintiff did not sign the promissory note to Beneficial, she has no debt or personal liability to Beneficial which could have been covered by the discharge injunction. Its collection attempts were against her deceased husband and her mother, but not from her. Thus, whether it properly or improperly credited payments made on the note during bankruptcy is immaterial. However, *Paul* also holds that "conduct that facially appears permissible may still violate § 524(a)(2) if its objective effect is prohibited, i.e., if it really serves to pressure the debtor to pay a discharged debt."[3] This raises an issue of fact that this Court cannot decide on summary judgment – did Beneficial act in such a way as to coerce or harass or pressure Plaintiff to improperly obtain payment? Further, § 524(i) provides that a willful failure of a creditor to credit payments made pursuant to a plan shall constitute a violation of the discharge injunction if that failure caused material injury to the debtor. The tests under this subparagraph are whether there was a willful failure and whether it caused material injury to the debtor, both of which are factual issues.

The loan documents reflect that Plaintiff is a mortgagor on the original mortgage granted to Beneficial, which is incorporated by reference into the Loan Agreement. Plaintiff is also a party to the Agreed Order entered May 24, 2013, which set forth the status of the debt and amount of monthly payment due to Beneficial, and is a party to the discharge order. Beneficial acknowledged that Plaintiff's husband is deceased and the mortgage statements and letters were

---

[2] *In re Paul,* 534 F.3d 1303, 1308 (10th Cir. 2008) cited by Defendant at Docket Entry 85, page 6.

[3] *Paul,* 534 F.3d. at 1313.

addressed to "Estate of Benjamin H. Trent." Beneficial sent a letter to Plaintiff, her mother and her husband on January 11, 2014, addressed to "Mortgagor," which referred to Plaintiff as a borrower, and stating she had breached the terms of the Note and Mortgage/Deed of Trust. Defendants were contacting Plaintiff and were surely aware that any notices and contact regarding this debt would be received by Plaintiff. As an owner of the property and mortgagor, she states that she believed the mortgage would be foreclosed and she would lose her home if she did not pay amounts the Defendants claimed were past due. This satisfies the Court at this time that Plaintiff has standing to bring this action against Beneficial.

Were this Court to adopt Beneficial's position that it was free to pursue collection of payments that may not have been due pursuant to the agreement it made during the bankruptcy would render the Agreed Order a sham and would deny this Court's powers to enforce its own orders. Thus, the Court finds that there are factual issues as to how Beneficial and, later, Caliber, as successor, viewed Plaintiff's responsibility for this debt, whether they violated § 524 and the discharge order, violated the Agreed Order, and whether they intended to pressure Plaintiff to pay amounts that the parties in the bankruptcy had agreed were not owed or had already been made.

Beneficial also questions Plaintiff's ability to meet her burden of establishing contempt, asserting that a few letters and a phone call are insufficient. Plaintiff disputes the number of contacts Defendants admit were made. The number of contacts made and pressure exerted is a disputed factual issue not resolvable by the Court on summary judgment.

The Bankruptcy Code places on this Court the duty of adjudicating alleged violations of the Code, discharge order, and any other orders entered by this Court. It allows this Court to enter "necessary or appropriate" orders to enforce its orders and prevent an abuse of process. 11

U.S.C. §105(a). The Court cannot perform these duties based solely upon the record presented on summary judgment. Thus, the Court believes that this case should proceed to trial on the merits where it can judge all of the evidence and the credibility of the witnesses.

IT IS THEREFORE ORDERED that Defendant Beneficial Financial I, Inc.'s Motion for Summary Judgment (Docket Entry 85) is **denied.**

IT IS FURTHER ORDERED that Plaintiff's request for Summary Judgment is also **denied.**

Parties shall be notified by separate order regarding further proceedings in this case.

###