**Dated: April 1, 2015**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 07-81384-TRC |
| BENJAMIN HARRISON JR TRENT, DECEASED | CHAPTER 13 |
| DEBORAH ANNE TRENT, | |
|        Debtors. | |
| | |
| DEBORAH ANNE TRENT, | |
|        Plaintiff | |
| | |
| v. | CASE NO. 14-8006-TRC |
| | |
| BENEFICIAL FINANCIAL I, INC., | |
| CALIBER HOME LOANS, INC. | |
|        Defendants. | |

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Before the Court is Defendant Caliber Home Loans, Inc.'s Motion for Summary

Judgment (Docket Entry 84), Plaintiff's Objection with request for Summary Judgment (Docket

Entry 86), and Caliber's Reply (Docket Entry 103).[1] After reviewing the motion, responses, exhibits and applicable legal authority, the Court finds that neither party is entitled to summary judgment and this matter should proceed to trial.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Plaintiff alleges violations of the discharge injunction and appeals to this Court's equitable powers under § 105(a) to enforce and remedy those violations. She alleges she suffered material injuries caused by the Defendants' actions, which entitle her to summary judgment. The Court believes the existence and significance of these injuries to be factual issues not properly resolved on motion, and declines to award her summary judgment on her claims.

Defendant Caliber's Motion for Summary Judgment questions Plaintiff's standing to bring this suit since Plaintiff did not sign the promissory note which Caliber claimed was in default. Plaintiff only signed the mortgage to secure the promissory note since she was a co-owner of the real estate. Caliber argues that there is no personal liability by Plaintiff and only personal debts that are discharged are subject to the discharge injunction. However, the question in this Court's mind is what was Caliber's intent? As stated by the Tenth Circuit in *In re Paul,* "conduct that facially appears permissible may still violate § 524(a)(2) if its objective effect is prohibited, i.e., if it really serves to pressure the debtor to pay a discharged debt."[2] This raises an issue of fact that this Court cannot decide on summary judgment – did Caliber act in such a

---

[1] Plaintiff filed one objection responding to separate motions for summary judgment filed by the Defendants, and requesting summary judgment against both.

[2] *In re Paul,* 534 F.3d 1303, 1313 (10th Cir. 2008).

way as to coerce or harass Plaintiff improperly to obtain payment of a debt that was not owed? Further, § 524(i) provides that a willful failure of a creditor to credit payments made pursuant to a plan shall constitute a violation of the discharge injunction if that failure caused material injury to the debtor. The tests under this subparagraph are whether there was a willful failure and whether it caused material injury to the debtor. Caliber's claim that its actions were not willful requires a factual determination by this Court after hearing the testimony of witnesses and assessing their credibility.

The loan documents reflect that Plaintiff is a mortgagor on the original mortgage granted to Beneficial, which is incorporated by reference into the Loan Agreement, and later assigned to Caliber. Default of the note would result in foreclosure of the Plaintiff's home which she mortgaged. Plaintiff is also a party to the Agreed Order entered May 24, 2013, which set forth the status of the debt to Beneficial, and is a party to the discharge order. Plaintiff certainly would be impacted by the improper application of payments to the note. Caliber acknowledged that Plaintiff's husband is deceased and the mortgage statements and letters were addressed to "Estate of Benjamin H. Trent." It seems likely Caliber was aware that any notices and contact regarding this debt would be received by Plaintiff. Plaintiff's affidavit reflects that she believed the mortgage would be foreclosed and she would lose her home if she did not pay the amounts Caliber claimed were past due. At this time, the Court is satisfied that Plaintiff has standing to bring this action against Caliber.

Caliber argues that it is an agent for a holder in due course, that its principal took the note from Beneficial without notice of any defects or defenses, and that Caliber may therefore enforce the note notwithstanding Plaintiff's claims. It states that it was unaware that Beneficial had misapplied payments, that any improper application of payments was Beneficial's fault, and

that Caliber did not intend to improperly credit payments. Plaintiff counters that Caliber or its principal at least knew the note was in default when transferred by Beneficial since Caliber's first statement to Plaintiff reflected a delinquency of three months. The record before the Court does not reflect what information Caliber or its principal had from Beneficial regarding Plaintiff's account. Caliber acknowledges that the determination of whether a party takes as a holder in due course turns on factual issues, such as whether it takes in good faith, and whether it had notice of any problems or defenses of the obligor. These issues cannot be resolved on summary judgment. In Caliber's reply brief, Caliber states that it has recently corrected its records to show Plaintiff's loan as current. Thus, there is a question in this Court's mind as to whether Caliber's treatment of the loan as delinquent was an innocent mistake or whether it became aware at some point that there may have been a previous failure to properly credit mortgage payments as required by § 524(i), and chose to perpetuate that mistake by sending notices of default and delinquency with the purpose of pressuring Plaintiff to pay a debt that was not owed.

The Bankruptcy Code places on this Court the duty of adjudicating alleged violations of the discharge order and other orders entered by this Court, determining their gravity and formulating a remedy if deemed appropriate. It allows this Court to enter "necessary or appropriate" orders to carry out the provisions of the Code and to prevent an abuse of process. 11 U.S.C. §105(a). The Court cannot make the factual determinations requested by Plaintiff and Defendant Caliber based upon the record presented on summary judgment. The Court believes that this case should proceed to trial on the merits where it can judge all of the evidence and the credibility of the witnesses.

IT IS THEREFORE ORDERED that Motion for Summary Judgment of Defendant Caliber Home Loans, Inc. (Docket Entry 84) is **denied.**

IT IS FURTHER ORDERED that Plaintiff's request for Summary Judgment is also **denied.**

Parties shall be notified by separate order regarding further proceedings in this case.

###